IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARY WILLIS and GINA WILLIS,                    )
                                                )
                        Plaintiffs,             )
                                                )
v.                                              )    Civil Action No. 2:05CV434-M
                                                )
FREEDOM MORTGAGE CORPORATION;                   )
A, B, C, those persons, firms or corpora-       )
tions doing business as Freedom Mort-           )
gage Corporation; D, E, F, those per-           )
sons, firms or corporations who con-            )
tacted Plaintiffs about refinancing             )
their home; G, H, I, those persons, firms       )
or corporations who committed the               )
acts of fraud, fraud in the inducement,         )
misrepresentation and breach of con-            )
tract as alleged in Plaintiffs' Complaint,      )
whose names are otherwise unknown               )
to Plaintiffs, or if their identity is known,   )
they are not known to be proper party           )
defendants, but the true and correct            )
names will be substituted by amend-             )
ment when ascertained,                          )
                                                )
                        Defendants.             )


## NOTICE OF REMOVAL

    Defendant FREEDOM MORTGAGE CORPORATION removes the captioned case

from the Clayton Division of the Circuit Court of Barbour County, Alabama, where it is

pending, to the United States District Court for the Middle District of Alabama, Northern

Division, and shows the following:

    1. On April 8, 2004, Plaintiffs Gary Willis and Gina Willis, through counsel, filed a

-1-

Complaint in the Clayton Division of the Circuit Court of Barbour County, Alabama, in a case styled *Gary Willis and Gina Willis v. Freedom Mortgage Corporation, et al.*, civil action number CV-2004-35 [Attachment A]. The only Defendant actually named in the Complaint is Freedom Mortgage Corporation. The Complaint also refers to fictitious Defendants "A" through "I." To the date of this Notice, Plaintiffs have not attempted to substitute any persons or entities for fictitious Defendants "A" through "I," and the only actual Defendant in the case is Freedom Mortgage Corporation. Freedom Mortgage Corporation was served with process on April 12, 2004[1].

2. Plaintiffs Gary Willis and Gina Willis are resident citizens of Barbour County, Alabama. Defendant Freedom Mortgage Corporation is a corporation organized under the laws of the State of New Jersey having its principal place of business in the State of New Jersey [Attachments C, D]. There is complete diversity of citizenship between Plaintiffs and Defendant Freedom Mortgage Company for purposes of 28 U.S.C. §§ 1331(a) and 1441, the citizenship of Defendants "A" through "I" being disregarded for removal purposes. 28 U.S.C. § 1441(a).

3. Plaintiffs' Complaint purports to state causes of action against Defendant for breach of contract, "willful" fraud, "negligent or reckless" fraud, negligence, and wantonness, all allegedly arising out of a written "customer notice" Plaintiffs received and subsequent dealings after Plaintiffs' receipt of that notice. In each count, Plaintiffs'

_____

[1]

Defendant is unable to locate a copy of the summons. The Alabama State Judicial Information System data base shows that Freedom was served by certified mail on April 12, 2004. Freedom does not dispute that.

prayer for relief reads, in relevant part, "Plaintiffs demand judgment against the Defendant and Fictitious Defendants, for compensatory and punitive damages, interest and costs for a total sum of $74,999.00, for all counts of Plaintiffs' Complaint." The Complaint also specifically alleges that "Plaintiffs make no claim under any federal cause of action and in no event will seek or accept any amount in excess of $74,999.00 for all counts of their Complaint" [Attachment A, ¶ 8]. In a later amendment, Plaintiffs personally verified the Complaint's allegations [Attachment E].

4. Defendant Freedom Mortgage Corporation answered the Complaint [Attachment B]. Notwithstanding the existence of complete diversity, Defendant did not attempt removal within thirty days of service. The Complaint specifically disclaimed damages exceeding $74,999.00 and the case was not removable because the required amount in controversy was not present. 28 U.S.C. § 1332(a).

5. The one-year time limit for removal based on diversity of citizenship, 28 U.S.C. § 1446(b), expired on or about April 8, 2005. At no time during this one-year period did Defendant receive any paper (or other information) from which it could be ascertained that the case had become removable. 28 U.S.C. § 1446(b).

6. On April 13, 2005, Plaintiffs' counsel deposed a representative of Freedom Mortgage Corporation. On April 26, 2005, counsel for Freedom Mortgage deposed the Plaintiffs. On April 27, based on Plaintiffs' depositions, Defendant moved for leave to amend its answer to assert, as a defense, the Alabama Statute of Frauds, Ala. Code §

8-9-2(7) [Attachments H, I][2]. Plaintiffs opposed Defendant's motion [Attachments J, M]. The Circuit Court has not yet ruled on the motion.

7. The next day - April 28 - Plaintiffs moved for leave to amend their Complaint to change the damage prayer in all counts to "demand judgment against the Defendant and Fictitious Defendants, for compensatory and punitive damages, for a total sum of One Million Dollars ($1,000,000.00)" [Attachments K, L]. Defendant opposed the motion for leave to amend, arguing that Plaintiffs had expressly waived any claim for damages exceeding $74,999.00 and were equitably and judicially estopped from seeking damages over that amount [Attachment O].

8. The Circuit Court of Barbour County granted leave for the amendment on May 4, 2005. At the filing of this Notice, Defendant has not received a written order from the court. The Alabama State Judicial Information System data base for this case [Attachment P] shows "motion to amend complaint granted" on May 4, 2005.

9. With the amendment, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Though, at all material times, complete diversity of citizenship has existed, until the amendment was allowed on May 4, 2005, this action was not removable because the amount in controversy did not exceed $75,000.00.

10. This Notice is filed within thirty (30) days of May 4, 2005, the date of the order

2

Under Alabama procedure, there must be leave of court for amendments to pleadings within forty-two days of the first trial setting. Ala.R.Civ.P. 15(a).

permitting the amendment that, in turn, valued the amount in controversy over $75,000.00, exclusive of interest and costs.

11. Under 28 U.S.C. § 1446(b), "a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than 1 year after commencement of the action." Like the thirty-day removal period, this one-year limit is procedural, not jurisdictional. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-427 (5th Cir.2003); *Ariel Land Developers, Inc. v. Dring*, 351 F.3d 611-614-615 (3d Cir.2003)[3]. As such, "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford v. Warner-Lambert Co.*, 327 F.3d at 426 [footnote omitted]. Thus, "[b]ecause it is merely a procedural limitation, the [one year] bar can be waived" or "[a] plaintiff can also be estopped from raising the one-year bar based upon equitable considerations." *Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1366 (N.D.Ala.1997).

12. By their actions, the Plaintiffs are equitably and judicially estopped from asserting that this case cannot be removed because the one-year limitation has expired. Either as a matter of Alabama law or Federal law, equitable estoppel involves several elements: that the person against whom estoppel is asserted, who must usually have knowledge of the facts, communicates something in a misleading way, either by words, conduct, or silence, with the intent that the communication be acted upon; that

[3]

In *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), the Supreme Court referred to a potential argument under the one-year section as "nonjurisdictional." 519 U.S., at 75 n. 13.

the person seeking to establish estoppel, lacking in knowledge of the facts, relies upon the communication; and that the person so relying would be harmed materially if the actor is later permitted to assert a claim inconsistent with his earlier conduct. *E.g.*, *Allen v. Bennett*, 823 So.2d 679, 685 (Ala.2001); *Beasley v. Conopco, Inc.*, 273 F.Supp.2d 1239, 1249 (M.D.Ala.2003). These elements are plainly applicable here:

(A) Plaintiffs' original Complaint specifically eschewed any Federal cause of action and waived recovery or acceptance of compensatory and/or punitive damages exceeding $74,999.00. The Complaint, including this damage limitation/waiver, was later "verified" by the Plaintiffs themselves. The obvious intent of these representations was to prevent Defendant from attempting to remove the case on the basis of diversity of citizenship jurisdiction. Indeed, they are patterned on verified representations that this Court has relied on in the past when deciding to remand cases where there is a question about the amount in controversy. *See*, *e.g.*, *Taylor v. Campbell*, 852 F.Supp. 978, 979-980 (M.D.Ala.1994); *Moss v. Voyager Ins. Companies*, 43 F.Supp.2d 1298, 1301-1302 (M.D.Ala.1999); *Davis v. Franklin Life Ins. Co.*, 71 F.Supp.2d 1197, 1200 (M.D.Ala.1999); *Brooks v. Pre-paid Legal Servs., Inc.*, 153 F.Supp.2d 1299, 1301-1302 (M.D.Ala.2001).

(B) Defendant relied on the damage representations by not attempting a removal, either within thirty days of service in 2004, or at any time within the one year period after commencement of the case. As one court put it in a similar case, "[the defendant], a foreign corporation, had the statutory right to removal, which right was denied, because of the misrepresentations of the Plaintiffs in this case during the period

when forthright pleading of damage amounts by Plaintiffs would have allowed removal of the case." *Morrison v. National Benefit Life Ins. Co.*, 889 F.Supp. 945, 950 (S.D.Miss.1995). Since Plaintiffs' Complaint contained a specific damage limitation, any earlier removal by Defendant would have entailed showing to a "legal certainty" that Plaintiffs' claims actually exceeded $75,000 in value. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Nothing about the allegations of the Complaint suggested that Plaintiffs' damage limitation of $74,999.00 was fraudulent or a sham. Removal decisions of this Court (examples being cited above) cast considerable doubt on the ability of a defendant to successfully remove by merely asserting that a plaintiff has undervalued its claim or might wait until the one year expires before amending to increase the claimed damages, especially if a plaintiff has sworn to a lesser figure and not to accept damages over the jurisdictional threshold. The only specific figure mentioned in the Complaint was a $350.00 fee Plaintiffs paid.  Discovery has shown that, even under the most generous view, Plaintiffs are alleging approximately $16,000 in supposed economic loss. There was likewise no reason to believe that Plaintiffs expected to lie in wait for the one-year period to expire before trying to amend to drastically increase the amount of their damage claims. *Cf.*, *Burns v. Windsor Ins. Co.*, 31 F.3d at 1095 [court assumes that counsel has not falsely or mistakenly undervalued case and that "plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception;" further, "the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer"].

-7-

(C) In their Motion to Amend, Plaintiffs justify their belated thirteen-fold expansion of the amount in controversy by falsely alleging that they "discovered" during a deposition of Defendant's representative on April 13, 2005, that Defendant had not completed a loan transaction with Plaintiffs "as a result of a 'mistake,'" something Plaintiffs allege was "previously unknown" to them. The original Complaint, however, seeks compensatory and punitive damages on allegations that Defendant breached a contract by failing to complete an alleged loan transaction, committed "willful" or "reckless or negligent" fraud by failing to follow through, and was "negligent" or acted "wantonly" in failing to complete the loan. In other words, Plaintiffs always alleged that Defendant had failed to do something, whether by mistake or from sinister motives. Plaintiffs' strong desire to avoid removal prompted them to quantify their claimed damages for all this at $74,999.00 and to further take the unusual step of verifying their Complaint. The alleged fact that Defendant, when eventually deposed, may have "admitted" to a "mistake" in the process is not a revelation that lends any support to increasing damage demands from $74,999.00 to $1,000,000. Supposedly "discovering," moreover, that an internal "mistake" occurred does not justify drastically increasing damages since the alleged economic and "mental anguish" damages do not change and a "mistake" does not allow for imposition of punitive damages under Alabama law.

(D) Plaintiffs' tactics, if allowed, materially harms Defendant by depriving Defendant of its statutory right to remove and makes a mockery of pleading and the one-year removal limit. It must be assumed from the circumstances that Plaintiffs'

-8-

change in their valuation of their case is in bad faith.

13. Barbour County is within the Middle District of Alabama, Northern Division.

14. Attached to this Notice are copies of all process, pleadings, and orders served on the Defendant:

> A - Complaint
>
> B - Answer of Freedom Mortgage Corporation
>
> C - First Amended Complaint
>
> D - Answer to First Amended Complaint
>
> E - Second Amended Complaint
>
> F - Hearing notice
>
> G - Scheduling Order
>
> H - Motion for Leave to Amend Answer
>
> I - Amendment to Answer
>
> J - Objection to Motion to Amend Answer
>
> K - Motion to Amend Complaint
>
> L - Third Amended Complaint
>
> M - Response to Objection to Motion to Amend Answer
>
> N - Supplemental Submission in Opposition to Motion to Amend Answer
>
> O - Objection to Motion for Leave to Amend Complaint
>
> P - Alabama SJIS case detail

15. A copy of this Notice is being filed with the Clerk of the Circuit Court of Barbour County, Alabama, as required under 28 U.S.C. § 1446(d).

This __9th__ day of May, 2005.

_____

J. Fairley McDonald, III (MCD015)
Clifton E. Slaten (SLA013)

SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104
(334) 396-8882
(334) 396-8880 [facsimile]

Counsel for Defendant FREEDOM MORTGAGE
CORPORATION

## Certificate of Service

I HEREBY CERTIFY that, on this the __9th__ day of May, 2005, I served a copy of this Notice on the following counsel of record by first class United States Mail, postage prepaid and properly addressed:

Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

_____

-10-