IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

FILED
APR 06 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| GARY WILLIS and <br> GINA WILLIS <br><br> Plaintiffs, <br><br> vs. <br><br> FREEDOM MORTGAGE <br> CORPORATION; <br> A,B,C, those persons, <br> firms or corporations doing <br> business as Freedom Mortgage <br> Corporation; D, E, F, those <br> persons, firms or corporations <br> who contacted the Plaintiffs <br> about refinancing their home; <br> G, H, I, those persons, firms <br> or corporations who committed <br> the acts of fraud, fraud in the <br> inducement, misrepresentation and <br> breach of contract as alleged in <br> Plaintiffs' Complaint, whose names <br> are otherwise unknown to <br> Plaintiffs, or if their identity is <br> known, they are not known to be <br> proper party defendants, but the <br> true and correct names will be <br> substituted by amendment when <br> ascertained, <br><br> Defendants. | CV-2004-__035__ <br><br> JURY TRIAL DEMAND. |

## COMPLAINT

### Parties

1. Plaintiff, GARY WILLIS, is a resident of Barbour County, Alabama, and is over the age of nineteen (19) years.

**Attachment A**

2. Plaintiff, GINA WILLIS, is a resident of Barbour County, Alabama, and is over the age of nineteen (19) years.

3. Defendant, FREEDOM MORTGAGE CORPORATION, is a Utah Corporation, qualified and doing business in Barbour County, Alabama.

4. Fictitious Defendants, A, B, and C are those persons, firms, or corporations doing business as Freedom Mortgage.

5. Fictitious Defendants D, E, and F are those persons, firms, or corporations who contacted the Plaintiffs about refinancing their home.

6. Fictitious Defendants G, H, and I are those persons, firms, corporations who committed the acts of fraud, fraud in the inducement, misrepresentation and breach of contract as alleged in Plaintiffs' Complaint, whose names are otherwise unknown to Plaintiffs, or if their identity is known, they are not known to be proper party defendants, but the true and correct names will be substituted by amendment when ascertained.

7. Defendant and Fictitious Defendants are in the business of refinancing residential mortgages, and solicit customers from citizens of Barbour County, Alabama.

8. Plaintiffs make no claim under any federal cause of action and in no event will seek or accept any amount in excess of $74,999.00 for all counts of their Complaint.

## Facts

9. Freedom Mortgage Corporation first refinanced Plaintiffs' home at 1420 County Road 33, Louisville, Alabama, in November of 2002.

10. Then, on or about June 2, 2003, the Defendant, Freedom Mortgage Corporation, sent the Plaintiffs (existing clients) an **"IMPORTANT CUSTOMER NOTICE."**

11. The "IMPORTANT CUSTOMER NOTICE" signed by Kristina Fox, of Freedom Mortgage Corporation, offered the Plaintiffs the opportunity to lower the interest rate on their existing mortgage with Freedom Mortgage Corporation.

12. The "IMPORTANT CUSTOMER NOTICE" stated as follows:

> "Freedom will deliver new loan documentation to you by mail - all you have to do is confirm the information, have the documents notarized, and return them to us - all for a low, one time rate conversion fee of $350.00."

13. The Plaintiffs, relying on the "IMPORTANT CUSTOMER NOTICE," made the decision to refinance under the terms set forth in the "IMPORTANT CUSTOMER NOTICE."

14. Plaintiff, Gina Willis, confirmed this offer in a phone conversation with Freedom Mortgage Corporation on June 4, 2003. Gina Willis was advised that this closing would be conducted in the same manner as the previous closing with an agent of Freedom Mortgage Corporation coming to Plaintiffs' home for the closing.

15. Per the instructions of Freedom Mortgage Corporation, Gina Willis, went to Farmers Exchange Bank in Louisville, Alabama, on June 25, 2003, and sent a check by Western Union to Freedom Mortgage Corporation. Said check was deposited into the account of Freedom Mortgage Corporation on June 27, 2003.

16. After receipt of the funds, the Defendant, Freedom Mortgage Corporation, contacted the Plaintiffs and advised them that their refinancing was "locked in" at an interest rate of 5.375%.

17. Freedom Mortgage Corporation sent a loan closing package to the Plaintiffs confirming the rate of 5.375%. The documents in the loan package were dated June 30, 2003.

18. Gary Willis and Gina Willis immediately completed the paperwork and returned a copy to Freedom Mortgage Corporation.

19. Gary Willis and Gina Willis received a call from Freedom Mortgage Corporation advising them that the closing date would be July 11, 2003. The individual from Freedom Mortgage further advised the Plaintiffs that it would not be necessary for them to make an additional house payment until after the closing.

20. Several days later, the Plaintiffs received a telephone call from Freedom Mortgage Corporation advising them that the closing had been postponed.

21. The Plaintiffs had conversations with several individuals at Freedom Mortgage Corporation over the next several weeks and were never provided a new closing date, nor were they provided an explanation for the delay.

22. The Plaintiffs were eventually advised by Freedom Mortgage Corporation that their mortgage rate, which had been locked in at 5.375%, expired during the delay on the part of Freedom Mortgage Corporation, and they would no longer be able to refinance at the new lower rate.

## Count I

## Breach of Contract

23. Plaintiffs adopt and incorporate by reference the allegations and averments of the foregoing paragraphs as if fully set forth herein.

24. The named Defendant and Fictitious Defendants breached the contract with Plaintiffs in failing and/or refusing to refinance the Plaintiffs' home consistent with the agreement between the parties.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendant and Fictitious Defendants, for compensatory and punitive damages, for a total sum of $74,999.00, for all counts of Plaintiffs' Complaint.

### Count II

### Willful Fraud

25. Plaintiffs adopt and incorporate by reference the allegations and averments of the foregoing paragraphs as if fully set forth herein.

26. The named Defendant and Fictitious Defendants defrauded Plaintiffs and misrepresented material facts upon which Plaintiffs relied to their detriment. Said misrepresentations of material facts and fraud were committed willfully and maliciously and with the intent to defraud and deceive Plaintiffs.

27. The named Defendant and Fictitious Defendants committed said fraud by representing the following to Plaintiffs:

 A. That upon payment of a $350.00 conversion fee the Defendants and Fictitious Defendants would lower the Plaintiffs' interest rate to 5.375%.

 B. By stating that "all you have to do is contact your Freedom Mortgage customer service manager."

 Defendants subsequently failed to refinance the Plaintiffs' home, per the agreement, during the "rate lock" period.

28. The named Defendant and Fictitious Defendants accepted Plaintiffs' conversion fee for said refinancing. The Plaintiffs spoke with various representatives of Freedom Mortgage Corporation throughout the thirty (30) day rate lock. No employee,

representative or agent of Freedom Mortgage Corporation ever advised the Plaintiffs that they would not be able to refinance their home.

29. As a proximate consequence of the fraud and misrepresentations of the named Defendant and Fictitious Defendants, Plaintiffs have suffered the following damages:

Plaintiffs were unable to refinance the mortgage on their home at a rate of 5.375% as promised by the Defendant and Fictitious Defendants; thereby causing them to lose the benefit of the bargain. Plaintiffs were induced to send $350.00 to Freedom Mortgage Corporation. Plaintiffs have further suffered financial hardship as a result of the fraud and misrepresentations made by the Defendant and Fictitious Defendants, said financial hardship leading to emotional and mental distress on the part of both Plaintiffs.

**WHERERFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendant and Fictitious Defendants, for compensatory and punitive damages, for a total sum of $74,999.00, for all counts of Plaintiffs' Complaint.

### Count III

### Negligent or Reckless Fraud

30. Plaintiffs adopt and incorporate by reference the allegations and averments of the foregoing paragraphs as if fully set forth herein.

31. The named Defendant and Fictitious Defendants defrauded Plaintiffs and misrepresented material facts upon which Plaintiffs relied to their detriment. Said misrepresentations of material facts and fraud were committed innocently, negligently or recklessly and with or without the intent to defraud and deceive Plaintiffs.

32. The named Defendant and Fictitious Defendants committed said fraud by representing the following to Plaintiffs:

A. That upon payment of a $350.00 conversion fee the Defendants and Fictitious Defendants would lower the Plaintiffs' interest rate to 5.375%.

B. By stating that "all you have to do is contact your Freedom Mortgage customer service manager."

Defendants subsequently failed to refinance the Plaintiffs' home, per the agreement, during the "rate lock" period.

33. The named Defendant and Fictitious Defendants accepted Plaintiffs' conversion fee for said refinancing. The Plaintiff spoke with various representatives of Freedom Mortgage Corporation throughout the thirty (30) day rate lock. No employee, representative or agent of Freedom Mortgage Corporation ever advised the Plaintiffs that they would not be able to refinance their home.

34. As a proximate consequence of the fraud and misrepresentations of the named Defendant and Fictitious Defendants, Plaintiffs have suffered the following damages:

Plaintiffs were unable to refinance the mortgage on their home at a rate of 5.375% as promised by the Defendant and Fictitious Defendants; thereby causing them to lose the benefit of the bargain. Plaintiffs were induced to send $350.00 to Freedom Mortgage Corporation. Plaintiffs have further suffered financial hardship as a result of the fraud and misrepresentations made by the Defendant and Fictitious Defendants, said financial hardship leading to emotional and mental distress on the part of both Plaintiffs.

**WHERERFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendant and Fictitious Defendants, for compensatory and punitive damages, for a total sum of $74,999.00, for all counts of Plaintiffs' Complaint.

### Count IV

### Negligence

35. Plaintiffs adopt and incorporate by reference the allegations and averments of the foregoing paragraphs as if fully set forth herein.

36. On or about June 2, 2003, Defendant, or Fictitious Defendants, advised Plaintiffs that should Plaintiffs pay a conversion fee of $350.00 they would be able to refinance the mortgage on their home at a rate of 5.375%.

37. The Defendant, and Fictitious Defendants, negligently failed to refinance the Plaintiffs' home within the rate lock, despite taking the $350.00 fee from the Plaintiffs and confirming that the home would be refinanced.

38. As a proximate consequence of the Defendants' said negligence, the Plaintiffs were caused to suffer the following injuries and damages:

Plaintiffs were unable to refinance the mortgage on their home at a rate of 5.375% as promised by the Defendant and Fictitious Defendants; thereby causing them to lose the benefit of the bargain. Plaintiffs were induced to send $350.00 to Freedom Mortgage Corporation. Plaintiffs have further suffered financial hardship, said financial hardship leading to emotional and mental distress on the part of both Plaintiffs.

**WHERERFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendant and Fictitious Defendants, for compensatory and punitive damages, for a total sum of $74,999.00, for all counts of Plaintiffs' Complaint.

## Count V

## Wantonness

39. Plaintiffs adopt and incorporate by reference the allegations and averments of the foregoing paragraphs as if fully set forth herein.

40. On or about June 2, 2003, Defendant, or Fictitious Defendants, advised Plaintiffs that should Plaintiffs pay a conversion fee of $350.00 they would be able to refinance the mortgage on their home at a rate of 5.375%.

41. The Defendant, and Fictitious Defendants, wantonly failed to refinance the Plaintiffs' home within the rate lock, despite taking the $350.00 fee from the Plaintiffs and confirming that the home would be refinanced.

42. As a proximate consequence of the Defendants' said wantonness, the Plaintiffs were caused to suffer the following injuries and damages:

Plaintiffs were unable to refinance the mortgage on their home at a rate of 5.375% as promised by the Defendant and Fictitious Defendants; thereby causing them to lose the benefit of the bargain. Plaintiffs were induced to send $350.00 to Freedom Mortgage Corporation. Plaintiffs have further suffered financial hardship, said financial hardship leading to emotional and mental distress on the part of both Plaintiffs.

**WHERERFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendant and Fictitious Defendants, for compensatory and punitive damages, interest and costs for a total sum of $74,999.00, for all counts of Plaintiffs' Complaint.

_____
AMY V. BOWMAN (VIB001)
RONALD G. DAVENPORT (DAV044)
Attorneys for Plaintiffs

OF COUNSEL:
**RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.**
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
(334) 206-3100   Fax (334) 262-6277

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES IN THIS

COMPLAINT.

_____
AMY V. BOWMAN (VIB00)
RONALD G. DAVENPORT (DAV044)