IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| GARY WILLIS and GINA WILLIS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) CIVIL ACTION NO.: CV-04-035 |
| FREEDOM MORTGAGE CORP. INC., et al., | )<br>)<br>) |
| Defendants. | )<br>) |



FILED MAY 27 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

COPY

## ANSWER

**COMES NOW** the Defendant, Freedom Mortgage Corporation, Inc. (hereinafter "Defendant"), by and through its counsel of record and for Answer to Plaintiffs' Complaint set forth and say as follows:

1. Upon information and belief, Defendant admits.

2. Upon information and belief, Defendant admits.

3. Defendant denies the allegations contained in Paragraph Three (3) of Plaintiffs' Complaint and demands strict proof thereof. However, Defendant admits that it is a New Jersey corporation.

4. Defendant denies the allegations contained in Paragraph Four (4) of Plaintiffs' Complaint and demands strict proof thereof.

5. Defendant denies the allegations contained in Paragraph Five (5) of Plaintiffs' Complaint and demands strict proof thereof and is unaware of any persons, firms, or corporations who may have contacted the Plaintiffs other than Defendant herein.

6. Defendant denies the allegations contained in Paragraph Six (6) of Plaintiffs'

**Attachment B**

Complaint and demands strict proof thereof.

7. Defendant admits that it transacted business in Barbour County, Alabama. However, Defendant denies the remaining allegations contained within Paragraph Seven (7) of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

8. Defendant admits that Plaintiffs have no claims under federal law or for any damages in excess of $74,999 in any count of the Complaint or in all counts of the Complaint combined. However, Defendant denies the remaining allegations contained within Paragraph Eight (8) of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

9. Upon information and belief, Defendant admits

10. Defendant admits that it sent out "flyers" soliciting business from existing customers; however, several different types of notices were sent out at various times, so Defendant is without knowledge or information sufficient to admit to the truth of any specifics without inspecting the particular advertisement in question. However, Defendant denies the remaining allegations contained within Paragraph Ten (10) of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

11. Defendant admits that it sent out "flyers" soliciting business from existing customers; however, several different types of notices were sent out at various times, so Defendant is without knowledge or information sufficient to admit to the truth of any specifics without inspecting the particular advertisement in question. However, Defendant denies the remaining allegations contained within Paragraph Eleven (11) of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

12. Defendant admits that it sent out "flyers" soliciting business from existing customers;

however, several different types of notices were sent out at various times, so Defendant is without knowledge or information sufficient to admit to the truth of any specifics without inspecting the particular advertisement in question. However, Defendant denies the remaining allegations contained within Paragraph Twelve (12) of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

13. Defendant denies the allegations contained in Paragraph Thirteen (13) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, Defendant specifically denies this allegation as Defendant is without knowledge or information as to what the Plaintiffs may have relied on in making a decision to refinance.

14. Defendant denies the allegations contained in Paragraph Fourteen (14) of Plaintiffs' Complaint and demands strict proof thereof.

15. Defendant admits that it received a check from Gina Willis. However, Defendant denies the remaining allegations contained within Paragraph Fifteen (15) of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

16. Defendant can neither admit or deny the statements contained within Paragraph Sixteen (16) of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

17. Defendant denies the allegations contained in Paragraph Seventeen (17) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, the documents were dated June 20, 2003; furthermore, it was not a "closing" package that was sent to the Plaintiffs; rather it was the "initial disclosure package" which required signed documents to be returned along with other requested information or documentation in order to process the loan application.

18. Defendant denies the allegations contained in Paragraph Eighteen (18) of Plaintiffs'

Complaint and demands strict proof thereof. The paperwork was signed by the Plaintiffs on July 1, 2003.

19.   Defendant denies the allegations contained in Paragraph Nineteen (19) of Plaintiffs' Complaint and demands strict proof thereof. Defendant hereby incorporates by reference the response set forth in Paragraph Sixteen (16) above as though fully set forth herein.

20.   Defendant can neither admit or deny the statements contained within Paragraph Twenty (20) of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

21.   Defendant can neither admit or deny the statements contained within Paragraph Twenty-One (21) of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

22.   Defendant can neither admit or deny the statements contained within Paragraph Twenty-Two (22) of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT I

## BREACH OF CONTRACT

23.   Defendant hereby adopts and incorporates by reference their responses to Paragraphs 1 through 12 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

24.   Defendant denies the allegations contained in Paragraph Twenty-Four (24) of Plaintiffs' Complaint and demands strict proof thereof. Defendant at no time "refused" to refinance the Plaintiffs' existing home loan; it is also denied that there was any "agreement" to do so. There was no loan commitment issued, and the rate lock expired before the loan could close, as the Plaintiffs failed to provide Defendant with requested documentation such as income and asset verifications, and

which party was to order the title search.

**WHEREFORE**, Defendant requests this Honorable Court to find in favor of the Defendant and dismiss Count I with prejudice. Furthermore, Defendant denies that the Plaintiffs are entitled to any damages as requested in the *Ad Damnum* clause to Count I of Plaintiffs' Complaint, and demands strict proof thereof.

## COUNT II

## WILFUL FRAUD

25. Defendant hereby adopts and incorporates by reference their responses to Paragraphs 1 through 24 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

26. Defendant denies the allegations contained in Paragraph Twenty-Six (26) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, it is specifically denied that any material facts were misrepresented to Plaintiffs. The loan application sent in by the Plaintiffs requested "cash-out", which made it a "full" refinance, as opposed to a "streamline" refinance containing a lower interest rate, which was only available to existing customers on certain terms and conditions.

27. Defendant denies the allegations contained in Paragraph Twenty-Seven (27) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, there were other terms and conditions set forth in the "streamline" refinance offering, such as the fact that "cash-out" was not available; what Plaintiffs actually applied for was a "full" refinance, requiring a formal appraisal, income and asset verifications, etc., and carrying a higher interest rate than a "streamline" loan.

28. Defendant admits that Defendant accepted Plaintiffs'"conversion" fee under the mistaken impression that Plaintiffs would apply for a "streamline" refinance, which they did not. However, Defendant denies the remaining allegations contained within Paragraph Twenty-Eight (28)

of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

29.    Defendant denies the allegations contained in Paragraph Twenty-Nine (29) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, Defendant specifically denies that any misrepresentations were made to Plaintiffs, or that Plaintiffs have suffered any damages, since a refund of the $350 was sent to them, along with the opportunity to refinance anew.

**WHEREFORE**, Defendant requests this Honorable Court to find in favor of the Defendant and dismiss Count II with prejudice. Furthermore, Defendant denies that the Plaintiffs are entitled to any damages as requested in the *Ad Damnum* clause to Count II of Plaintiffs' Complaint, and demands strict proof thereof.

## COUNT III

### NEGLIGENT OR RECKLESS FRAUD

30.    Defendant hereby adopts and incorporates by reference their responses to Paragraphs 1 through 29 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

31.    Defendant denies the allegations contained in Paragraph Thirty-One (31) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, it is specifically denied that any material facts were misrepresented to Plaintiffs. The loan application sent in by the Plaintiffs requested "cash-out", which made it a "full" refinance, as opposed to a "streamline" refinance containing a lower interest rate, which was only available to existing customers on certain terms and conditions.

32.    Defendant denies the allegations contained in Paragraph Thirty-Two (32) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, there were <u>other</u> terms and conditions set forth in the "streamline" refinance offering, such as the fact that "cash-out" was not available; what Plaintiffs actually applied for was a "full" refinance, requiring a formal appraisal, income and asset

verifications, etc., and carrying a higher interest rate than a "streamline" loan.

33. Defendant admits that Defendant accepted Plaintiffs' "conversion" fee under the mistaken impression that Plaintiffs would apply for a "streamline" refinance, which they did not. However, Defendant denies the remaining allegations contained within Paragraph Thirty-Three (33) of Plaintiffs' Complaint, which are not specifically admitted herein, and demands strict poof thereof.

34. Defendant denies the allegations contained in Paragraph Thirty-Four (34) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, Defendant specifically denies that any misrepresentations were made to Plaintiffs, or that Plaintiffs have suffered any damages, since a refund of the $350 was sent to them, along with the opportunity to refinance anew.

**WHEREFORE**, Defendant requests this Honorable Court to find in favor of the Defendant and dismiss Count III with prejudice. Furthermore, Defendant denies that the Plaintiffs are entitled to any damages as requested in the *Ad Damnum* clause to Count III of Plaintiffs' Complaint, and demands strict proof thereof.

## COUNT IV

### NEGLIGENCE

35. Defendant hereby adopts and incorporates by reference their responses to Paragraphs 1 through 34 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

36. Defendant denies the allegations contained in Paragraph Thirty-Six (36) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, it is specifically denied that Defendant "advised" the Plaintiffs; Plaintiffs instead allegedly were responding to a "flyer" which contained specific terms and conditions that were not adhered to by the Plaintiffs.

37. Defendant denies the allegations contained in Paragraph Thirty-Seven (37) of

Plaintiffs' Complaint and demands strict proof thereof. The rate lock expired because the loan program applied for was not a "streamline" refinance; it was a more complicated "full" finance which required a formal appraisal, income and asset verifications, title information, etc., and carried a higher rate. Furthermore, the $350 fee has been refunded to the Plaintiffs.

38. Defendant denies the allegations contained in Paragraph Thirty-Eight (38) of Plaintiffs' Complaint and demands strict proof thereof. Defendant specifically denies that any loan commitment was issued or damages suffered as a result of any negligence on the part of the Defendant, since a refund of the $350 was sent to the Plaintiffs, along with the opportunity to refinance anew. Furthermore, if there was any negligence, it was on the part of the Plaintiffs, who failed to provide Defendant with required documentation to process the loan application.

**WHEREFORE**, Defendant requests this Honorable Court to find in favor of the Defendant and dismiss Count IV with prejudice. Furthermore, Defendant denies that the Plaintiffs are entitled to any damages as requested in the *Ad Damnum* clause to Count IV of Plaintiffs' Complaint, and demands strict proof thereof.

## COUNT V

## WANTONNESS

39. Defendant hereby adopts and incorporates by reference their responses to Paragraphs 1 through 38 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

40. Defendant denies the allegations contained in Paragraph Forty (40) of Plaintiffs' Complaint and demands strict proof thereof. Moreover, it is specifically denied that Defendant "advised" the Plaintiffs; Plaintiffs instead allegedly were responding to a "flyer" which contained specific terms and conditions that were not adhered to by the Plaintiffs.

41.   Defendant denies the allegations contained in Paragraph Forty-One (41) of Plaintiffs' Complaint and demands strict proof thereof. The rate lock expired because the loan program applied for was not a "streamline" refinance; it was a more complicated "full" finance which required a formal appraisal, income and asset verifications, title information, etc., and carried a higher rate. Furthermore, the $350 fee has been refunded to the Plaintiffs.

42.   Defendant denies the allegations contained in Paragraph Forty-Two (42) of Plaintiffs' Complaint and demands strict proof thereof. Defendant specifically denies that it committed any "wanton" acts which caused damages to the Plaintiffs, since a refund of the $350 was sent to them, along with the opportunity to refinance anew.

**WHEREFORE**, Defendant requests this Honorable Court to find in favor of the Defendant and dismiss Count V with prejudice. Furthermore, Defendant denies that the Plaintiffs are entitled to any damages as requested in the *Ad Damnum* clause to Count V of Plaintiffs' Complaint, and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant states that each and every allegation contained within the Plaintiffs' Complaint not hereinbefore expressly admitted or responded to, is denied and strict proof thereof is demanded.

### SECOND DEFENSE

There was no "meeting of the minds" between the Plaintiffs and Defendant as to any specific interest rate since their loan application requested "cash-out" which took it out of the "streamline" program.

### THIRD DEFENSE

There was no justifiable reliance on the part of the Plaintiffs as to any specific interest rate once they requested "cash-out" on their loan application.

### FOURTH DEFENSE

The $350 "conversion" fee was only meant for "streamline" customers; for "full" refinance customers seeing "cash-out", a loan origination fee of $350 is charged, along with a $250 "lock-in" fee (if desired).

### FIFTH DEFENSE

There was a failure of consideration to support the Plaintiffs' purported interest rate lock-in agreement, since they paid nothing for it, even though they were not in fact "streamline" customers.

### SIXTH DEFENSE

Plaintiffs' lock-in agreement expired before the loan closed.

### SEVENTH DEFENSE

No loan commitment was ever issued to the Plaintiffs.

### EIGHTH DEFENSE

Plaintiffs failed to supply Defendant with required documentation or information regarding income and asset verifications, and which party was to order the title search; their loan application could therefore not be processed.

### NINTH DEFENSE

Afer Plaintiffs' lock-in period expired, Defendant refunded Plaintiffs' "conversion" fee of $350; Plaintiffs are now *estopped* to allege any resultant damages.

## TENTH DEFENSE

Defendant denies that it is guilty of malicious, oppressive, reckless and/or wanton conduct as alleged in the Plaintiffs' Complaint, and further that any such alleged malicious, oppressive, reckless or wanton conduct proximately caused or proximately contributed to any injury or damage as alleged in Plaintiffs' Complaint.

## ELEVENTH DEFENSE

Defendant denies that it or its agents and/or employees, were guilty of any type of fraud or misrepresentation, whether described as an act of omission or commission, as alleged in Plaintiffs' Complaint, and denies further that any alleged acts or omissions claimed by Plaintiffs to constitute any type of fraud or misrepresentation was a direct and/or proximate cause of the damage alleged by Plaintiffs.

## TWELFTH DEFENSE

Defendant denies that it breached any duty allegedly owed to the Plaintiffs.

## THIRTEENTH DEFENSE

Defendant avers that the Plaintiffs themselves were guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence was the direct or proximate cause or proximately contributed to the injuries and damages referred to in the Complaint.

## FOURTEENTH DEFENSE

Defendant avers that the claims of the Plaintiffs are barred by the Parol evidence rule.

## FIFTEENTH DEFENSE

Plaintiffs' claims are frivolous as defined by the Alabama Litigation Accountability Act and are therefore barred.

### SIXTEENTH DEFENSE

Plaintiffs' claims for punitive damages violate the Defendant's constitutional rights guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

### SEVENTEENTH DEFENSE

Plaintiffs' claims for punitive damages violate the Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of Defendant, through state action, without due process of law.

### EIGHTEENTH DEFENSE

Plaintiffs' claims for punitive damages violate the Defendant's rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

### NINETEENTH DEFENSE

Plaintiffs' claims for punitive damages violate the double jeopardy clause of the Constitution of the United States of America.

### TWENTIETH DEFENSE

Imposition of punitive damages against the Defendant would violate the due process clause of the Constitution of the United States and the due process clause of the Alabama Constitution.

### TWENTY-FIRST DEFENSE

Any claim for punitive damages or damages for mental anguish against the Defendant cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of a damages award, (2) is

not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTY-SECOND DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained because an award of damages without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

### TWENTY-THIRD DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages violate the Defendant's rights as guaranteed by the

Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet the Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages violate the Defendant's rights guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiffs which is less than beyond a reasonable doubt.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages violates Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-SEVENTH DEFENSE

Imposition of punitive damages in this action against the Defendant without a statutory limit as to the amount of said damages violates the Due Process Clause and the Defendant's guarantee of equal protection as required by the Constitution of the State of Alabama.

### TWENTY-EIGHTH DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained because an award of damages under state law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-NINTH DEFENSE

Plaintiffs' claim for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet the Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

## THIRTIETH DEFENSE

Defendant affirmatively states that any award of punitive damages is governed and expressly limited by ALABAMA CODE § 6-11-21 (Supp. 1993).

## THIRTY-FIRST DEFENSE

Defendant hereby reserves the right to raise any additional affirmative or other defense subsequently discovered in the course of litigation.

Respectfully Submitted,

_____
CLIFTON E. SLATEN (ALA. CODE SLA013)
Attorney for Defendant, Freedom Mortgage Corporation, Inc.

OF COUNSEL:
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882 - PHONE
(334) 396-8880 - FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **Answer**, by placing a copy of the same in the United States Mail, postage prepaid, and via hand delivery to the following on this the 26th day of May, 2004:

Ronald G. Davenport, Esquire
Amy V. Bowman, Esquire
**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
184 Commerce Street
P.O. Box 270
Montgomery, Alabama 36101-0270
**Attorneys for Plaintiff**

_____
OF COUNSEL

F:\Gen Litigation\Freedom Mortgage\Willis\Pleading\Answer

-16-