```
AVS0500                    ALABAMA JUDICIAL DATA CENTER
                     IN THE CIRCUIT COURT OF BARBOUR        COUNTY



   GARY WILLIS & GINA WILLIS VS FREEDOM MORTGAGE


       SLATEN CLIFTON E                          CASE NUMBER: CV 2004 000035 00
       SLATEN & O'CONNOR, PC                     PARTY NUMBER: D001
       P. O. BOX 1110
       MONTGOMERY  AL  36101


   SCHEDULING ORDER ENCLOSED




       ISSUED ON: 02/25/2005   CLERK: DAVID S. NIX
                                      P O BOX 219
                                      CLAYTON   AL   36016
   (02/25/2005)  TRW                  (334)775-8366
```


RECEIVED FEB 28 2005

Attachment G

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | | |
|---|---|---|
| GARY WILLIS AND GINA WILLIS, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. CV-2004-035 |
| | ) | |
| FREEDOM MORTGAGE, | ) | |
|     Defendant. | ) | |

## ORDER SETTING CASE FOR TRIAL, SCHEDULING ORDER AND ORDER FOR PRE-TRIAL CONFERENCE

1. Each party and the attorney of record for each party is **HEREBY ORDERED** to read this order and to note on their respective calendars the critical dates described herein below. The parties and attorneys are ordered to fully and timely comply with every provision of this order or suffer appropriate sanctions and/or be required to show cause why the offending party should not be held in contempt.

2. This case is hereby set for **TRIAL** during the **Fall Term (June 7 through June 17, 2005)**. The jury will be struck on **June 7, 2005, at 8:30 a.m.**

3. The parties along with their respective trial counsel shall appear together for a **pretrial conference and settlement hearing** to be held on **May 16, 2005, at 8:30 a.m.** at the Barbour County Courthouse in Clayton, Alabama. Attorneys working for insured parties shall have the claims adjuster in attendance at the conference.

    (a) The parties and attorneys are **Ordered** to jointly prepare and submit at pretrial conference a **proposed pretrial order** which shall include a stipulation of uncontroverted facts which will require no proof at trial, the condensed contentions of the parties, a list of witnesses, and a list of exhibits.

(b) **Jury charges** on all substantive issues of law involved in the case shall be filed on or before the pretrial conference. Pattern Jury Instructions applicable to the case must be designated by reference to APJI section number and submitted on separate pages with parties inserted. Charges submitted without legal authority will not be considered.

4. Any **request for mediation** made pursuant to Alabama Code Section 6-6-2 (Supp. 1996) shall be made prior to **May 4, 2005**. If such a request for mediation is made, counsel and the parties, or a representative with full authority to settle the case, shall appear and attend the mediation.

(a) If the case is not settled by mediation, the parties and attorneys shall be fully prepared to discuss their respective evaluations by reference to the facts regarding liability and damages, as well as reference to verdicts and settlements of similar cases as may be appropriate at the pretrial conference.

5. If the parties choose not to mediate the case, then they, along with their respective trial counsel, are **Ordered** to personally meet with each other for the purpose of engaging in good faith **negotiations for a reasonable and fair settlement** of the case prior to the pretrial conference.

(a) Attorneys working for insured parties shall have the claims adjuster working the case for the insurance company personally attend the meeting. The meeting shall be scheduled at a time and location mutually agreed upon by counsel. However, the time of the meeting shall be scheduled within the 30 days just preceding the date of the pretrial conference.

(b) The parties and attorneys are **Ordered** to certify in writing under oath that the meeting took place, who was in attendance, the starting time, the completion time, and the results obtained at the meeting within seven days immediately following same.

(c) If the case is not settled at the aforesaid meeting, the parties and attorneys shall be fully prepared to discuss their respective evaluations by reference to the facts regarding liability and damages, as well as reference to verdicts and settlements of similar cases as may be appropriate at the pretrial conference.

6. The parties and attorneys shall **investigate and prepare** their case in such a manner as to enable compliance with all of the requirements set out in this paragraph:

(a) The parties are hereby **Ordered** to exchange a list containing the name and address of each **witness** expected to testify during the trial by no later than **April 1, 2005**. Any plaintiff's witness identified as an **expert witness** shall be so designated on the same date with a brief summary of his or her qualifications and expected testimony in compliance with ARCP 26 (b) (4). Defendants' experts shall be identified in accordance with ARCP 26 (b) (4) by **April 22, 2005**.

(b) A designation as to any witness's testimony that is expected to be offered by way of **introduction of a deposition** shall be made to the opposing party or counsel by not later than **May 10, 2005**. **Objections** to any portion of a deposition to be offered into evidence shall be made in writing by no later than **May 16, 2005**, stating the grounds upon which such objection is made.

(c) The parties and attorneys are **Ordered to complete all discovery** by not later than **May 4, 2005**. Therefore, all interrogatories, motions to produce, etc., shall be filed by no later than **April 4, 2005**, so that no unanswered discovery is outstanding at the aforesaid completion date. **IT IS FURTHER ORDERED** that all depositions be taken on or before **May 4, 2005**.

(d) Copies of all **exhibits** to be offered into evidence shall be pre-marked for identification and exchanged between the parties and counsel by not later than **May 4, 2005**. Exhibits not exchanged will not be admitted at trial. **Objections** to the exchanged exhibits shall be made in writing by not later than **May 12, 2005**, stating the specific grounds upon which the objections are based. The Court may, for good cause shown, grant leave to allow objections not timely made or not reasonably foreseeable before trial as justice and reason dictate within the sound discretion of the trial court.

(e) **The parties and the attorneys are hereby prohibited from extending the Court imposed cut-off dates for completion of discovery including depositions. The Court will consider granting leave to extend discovery cut-off dates only for good cause shown within the sound discretion of the Court. Procrastination will not be rewarded.**

7. All **motions for summary judgment and motions in limine** regarding any known issues of evidence requiring the attention of the Court shall be filed on or before **May 4, 2005**. All responses in opposition thereto shall be filed on or before **May 12, 2005**. Said motions will be heard on **May 16, 2005, at 8:30 a.m.**

8. All other motions currently pending are hereby set for hearing on **March 15, 2005, at 10:00 a.m., or May 10, 2005, at 10:00 a.m.**

ORDERED this the 25th day of February, 2005.

_____
Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

cc:    All attorneys and un-represented parties of record