

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | | |
|---|---|---|
| GARY WILLIS and GINA WILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV-2004-035 |
| | ) | |
| FREEDOM MORTGAGE CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RESPONSE TO PLAINTIFFS' OBJECTION TO MOTION FOR LEAVE TO AMEND ANSWER

Defendant FREEDOM MORTGAGE CORPORATION states the following in response to the Plaintiffs' objection to Freedom Mortgage's motion for leave to amend its answer in this case:

1. According to their Complaint, Plaintiffs base their claims on a written offer letter they received from Freedom Mortgage. This letter allegedly amounted to a "contract" to make a loan which Freedom Mortgage then breached. Plaintiffs further allege that this letter misrepresented that Plaintiffs would get a loan, and that Freedom Mortgage negligently or wantonly failed to complete the loan supposedly envisioned by the written letter offer. Plaintiffs' depositions on April 26, 2005, after a representative of Freedom Mortgage had been deposed, made it clear that Plaintiffs are really not relying on the written letter offer. Instead, Plaintiffs are basing their claims on alleged dealings between the parties independent of and after the written letter offer.

Attachment
M

2. The possible existence of a potential defense based on the Statute of Frauds, which voids various oral agreements or contracts, was not apparent from the Complaint, which refers to a written document. The availability of the defense was not evident until the Plaintiffs were deposed on April 26, 2005. Freedom Mortgage's motion for leave to amend was sent for filing on April 27, the day after Plaintiffs' depositions.

3. Allowing the defense, based on the Plaintiffs' own testimony, does not prejudice Plaintiffs. Plaintiffs have always known what their claims are based on. They elected to allege the existence of the written letter offer. In light of their testimony about what they are claiming occurred, they have always known that they cannot point to any written agreement or commitment by Freedom Mortgage to lend them money (which explains why the Complaint refers to the written offer). Plaintiffs were free to question Defendant's representative about all of the documentation (including the lack of any written loan agreement or commitment) and did so. There is either a written document (or series of documents) which constitutes a written loan agreement or commitment or there is not. Plaintiffs have had abundant opportunity to discover whether a written agreement exists or does not exist.

4. Amendments are to be "freely allowed when justice so requires." Ala.R.Civ.P. 15(a). A motion for leave to amend cannot be denied unless it results in actual prejudice to the non-moving party or in undue delay. *E.g.*, *Ex parte GRE Insurance Group*, 822 So.2d 388, 390 (Ala.2001). The "prejudice" in this sense is not that the added defense is meritorious; instead, a non-moving party must show it is unfairly disadvantaged or deprived of the opportunity to present facts or evidence which would have been

offered if an amendment was more timely. *Id.*, 822 So.2d at 391. Plaintiffs cannot show prejudice, Freedom Mortgage did not delay in adding the defense when its availability became apparent, nor will the amendment delay this case.

This __2nd__ day of May, 2005.

_____
J. Fairley McDonald, III (MCD015)
Clifton E. Slaten (SLA013)

SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104
(334) 396-8882
(334) 396-8880 [facsimile]

Counsel for Defendant FREEDOM MORTGAGE CORPORATION

### Certificate of Service

I HEREBY CERTIFY that, on this the __2nd__ day of May, 2005, I served a copy of this Response on the following counsel of record by first class United States Mail, postage prepaid and properly addressed:

Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

_____