IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| GARY WILLIS and GINA WILLIS | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CV-2004-35 ) |
| FREEDOM MORTGAGE CORPORATION; et al., | ) ) ) |
| Defendants. | ) |

RECEIVED MAY 0 5 2005

## SUPPLEMENTAL SUBMISSION IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AFFIRMATIVE DEFENSE

Come now the Plaintiffs and supplement their submission in opposition to Defendant's motion to amend its answer on the eve of trial to add as an affirmative defense the statute of frauds and as grounds therefore show as follows:

1. Plaintiffs set forth in their complaint not only that the Defendant sent them a letter making misrepresentations (¶12 of Pls.' complaint) but that Plaintiffs sent a check to the Defendant in acceptance of the offer of Defendant (¶15 of Pls.' complaint), that Defendant notified the Plaintiffs of a closing date of July 11, 2003, that it would not be necessary for Plaintiffs to make an additional house payment (¶19 of Pls.' complaint), that Defendant then unilaterally postponed the closing (¶20 of Pls.' complaint) and that Defendant never provided a new closing date nor were they provided an explanation for any delay (¶21 of Pls.' complaint).

2. The Defendant was on ample notice of any claims that would necessitate an affirmative defense of the statute of frauds.

Attachment N

3. In <u>Economy Fire & Casualty Company v. Goar</u>, 564 So. 2d 867 (Ala. 1990) rehearing denied, the Alabama Supreme Court said as follows:

> "Once an answer is filed, if an affirmative defense is not pleaded, it is waived. The defense may be revived if the adverse party offers no objection; or if the party who should have pleaded it is allowed to amend his pleading; or if the defense appears on the face of the complaint. . . ."

<u>Economy Fire & Casualty Company v. Goar</u>, 564 So. 2d 867 at page 869.

The Defendant in this case was put on notice not only of the breach of contract allegation but of the fraud allegations. Rule 8(c), ARCP, specifically sets forth the "statute of frauds" as an affirmative defense which must be pled. The Defendant in this case did not plead it, waited until a year after the complaint was filed to attempt to plead it, and did not file a motion to amend until after the Plaintiffs had taken the deposition of the corporate representative of the Defendant. The Defendant waived the defense of the statute of frauds and its motion to amend should be denied.

/s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
Attorneys for Plaintiffs

OF COUNSEL:
**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
(334) 206-3100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing mail the all counsel of record by placing a copy thereof, in the United States mail, postage prepaid, on this the ___ day of May, 2005, and properly addressed as follows:

Cliff Slaten, Esq.
Slaten & O'Connor, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

_____
Of Counsel