

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| GARY WILLIS and GINA WILLIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. CV-2004-035 |
| | ) |
| FREEDOM MORTGAGE CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

### OBJECTION TO MOTION FOR LEAVE TO AMEND

Defendant FREEDOM MORTGAGE CORPORATION states that Plaintiffs' motion for leave to amend the Complaint to increase the Complaint's *ad damnum* from $74,999.99 to $1,000,000.00 must be DENIED for the following reasons:

1. The Complaint was filed on April 4, 2004, over one year before Plaintiffs' motion for leave to amend. This case is currently set for trial on June 7, 2005. Among other things, the Complaint alleges "willful" fraud and wantonness, both of which carry the possibility of punitive damages. Plaintiffs allege that they "make no claim under any federal cause of action and in no event will seek or accept any amount in excess of $74,999.99 for all counts of their Complaint" [Complaint ¶ 8]. The *ad damnum* clause for each count specifically seeks "compensatory and punitive damages, for a total sum of $74,999.00, for all counts of Plaintiffs' Complaint." Plaintiffs later took the step of verifying their Complaint under oath.

2. The Plaintiffs are Alabama residents and Freedom Mortgage Corporation, the

-1-

Attachment O

only Defendant ever named, is a New Jersey corporation. As such, there was diversity of citizenship that would have permitted Freedom Mortgage to remove this action to United States District Court if the amount in controversy exceeded the value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441(b). Given Plaintiffs' specific damage demand of $74,999.99, the case was not removable within 30 days of filing or at any time until this attempted amendment, which, if allowed, values the amount in controversy at $1,000,000.00. In light of the nature of the dispute, it was not apparent that Plaintiffs were fraudulently understating their claimed damages either at the commencement of the case or at any time within one year after this litigation began.

3. Removal on the basis of diversity of citizenship is not available "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Since the one year period expired before Plaintiffs' attempted amendment, Freedom Mortgage cannot now remove the case. If, during the one year period, Plaintiffs had amended their Complaint as they try to do now, the case would have become instantly removable and Defendant would have removed it.

4. Plaintiffs' actions in (i) specifically alleging an amount in controversy below the Federal jurisdictional limit, and in (ii) waiting until the one year removal period expired to attempt to drastically increase the amount in controversy are plainly designed to defeat removal. The amendment, if permitted, actually prejudices Defendant because Defendant relied upon Plaintiffs' original allegations about the amount in controversy by not seeking to remove this case. Defendant's removal period has now expired. The

circumstances clearly show: (i) that Plaintiffs have waived any claim or right to seek or accept damages in excess of $74,999.00; (ii) that Plaintiffs are equitably estopped from now trying to seek or recover damages in excess of $74,999.00 by making verified damage claims intended to defeat removal and on which Defendant relied by not attempting removal; and (iii) that Plaintiffs are judicially estopped from seeking or accepting damages in excess of $74,999.00 due to the inconsistent positions they have taken in this litigation.

5. Plaintiffs try to justify their actions by claiming that, during a deposition, Defendant's representative "admitted that the failure to provide the Plaintiffs with a mortgage at a rate of 5.375% was as a result of a 'mistake' by [Defendant]," and "further admitted that it made no attempt to determine the damages to the Plaintiffs as a result of Defendant's 'mistake.'" This "justification" is without merit. In their Complaint, Plaintiffs aver that Defendant breached an alleged contract to make them a loan, willfully or recklessly misrepresented that Defendant would make the loan, and negligently or wantonly failed to make the loan. The Complaint's allegations are tantamount to the "mistake" Plaintiffs now identify. They actually go well beyond any claim of "mistake" by averring that Defendant intentionally failed to complete the loan for whatever reason. Plaintiffs have always contended that Defendant was supposed to make them a loan on certain terms but failed to do so, whether by "mistake" or because of bad intent. Plaintiffs cannot credibly claim that Defendant's supposed position - that a "mistake" occurred - comes as a revelation Plaintiffs did not expect when they filed their Complaint on April 4, 2004. Indeed, Defendant's position that a "mistake" happened,

if accepted, does not enhance either claimed compensatory damages or punitive damages. It actually defeats punitive damages since conduct amounting to "mistake" cannot rise to the level required to support a punitive damage award.

6. Under the circumstances, Plaintiffs are barred as a matter of law by waiver, equitable estoppel, and judicial estoppel from attempting to seek more than $74,999.00. Such an amendment, if allowed, substantially prejudices Defendant by radically altering the nature of this case shortly before trial. Plaintiffs' motion must be denied.

This __2nd__ day of May, 2005.

_____
J. Fairley McDonald, III (MCD015)
Clifton E. Slaten (SLA013)

SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104
(334) 396-8882
(334) 396-8880 [facsimile]

Counsel for Defendant FREEDOM MORTGAGE CORPORATION

## Certificate of Service

I HEREBY CERTIFY that, on this the __2nd__ day of May, 2005, I served a copy of this Objection on the following counsel of record by first class United States Mail, postage prepaid and properly addressed:

>Ronald G. Davenport
>RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
>Post Office Box 270
>Montgomery, Alabama 36101-0270

_____